cc: Pro Se Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10904-GW(MRWx) | Date | February 4, 2015 |
|---|---|---|---|
| Title | *William A. Doucette v. Intl Alliance of Theatrical Stage Employees, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None Present | None Present | |

**PROCEEDINGS:** (IN CHAMBERS): COURT ORDER

    For reasons stated in its October 2, 2014 Tentative Ruling – *see* Docket No. 228 – (and in its Tentative Rulings on July 8, 2013 and April 3, 2014, *see* Docket Nos. 87 and 181, to the extent the latter are consistent with the present decision), the Court rules as follows as to the remaining defendants' motions to dismiss Plaintiff William A. Doucette's Fourth Amended Complaint:

    (1) Defendant John Cossette Productions, Inc.'s motion to dismiss Plaintiff's cause of action for violation of the Age Discrimination in Employment Act ("ADEA") in violation of 29 U.S.C. § 623(a)(1) and (d) is denied.

    (2) Defendant Nokia Theater L.A. Live, Inc.'s motion to dismiss Plaintiff's cause of action for violation of 29 U.S.C. § 623(a)(1) and (d) is granted with prejudice.

    (3) Defendant International Alliance of Theatrical Stage Employees Union Local #33's ("Local 33") motion to dismiss Plaintiff's cause of action for ADEA discrimination in violation of 29 U.S.C. § 623(c) is granted with prejudice.

    (4) Defendant Local 33's motion to dismiss Plaintiff's cause of action for retaliation in violation of 29 U.S.C. § 623(d) is denied.

    (5) Defendant Local 33's motion to dismiss Plaintiff's cause of action for a breach of the duty of fair representation is granted with prejudice because: (1) virtually all of the alleged incidents fall outside of the applicable limitations period; (2) the matters raised by Plaintiff mostly fall outside of the duty of fair representation; (3) Plaintiff's allegations do not show that he (himself) was in fact injured by the majority of Local 33's purported conduct; and/or (4) most of the cited actions of Local 33 do not constitute conduct which is arbitrary, discriminatory and/or taken in bad faith under the applicable law.

    The Court sets a status/scheduling conference for February 12, 2015 at 8:30 a.m.

                                                                                                                               :

Initials of Preparer    JG